110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
CONTINENTAL WIRELESS CABLE TELEVISION, INC., et al., Defendants
and
Jay R. Bishop, Defendant-intervenor-Appellant.
 Nos. 95-56488, 96-55471.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided March 26, 1997.
 
 Before: FARRIS, KOZINSKI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Defendant Jay R. Bishop appeals the district court's grant of summary judgment in favor of the Securities and Exchange Commission on the issues of permanent injunction and disgorgement. We affirm.
 
 SECURITIES
 
 3
 Using the test from SEC v. W.J. Howey Co., 328 U.S. 293, 298-99 (1946), the district court found that the "general partnership" interests sold by Bishop were actually investment contracts, i.e., securities, and that Bishop had violated several statutes by engaging in the sale of unregistered securities. The Howey test has three elements, the third of which was at issue here: reliance by an investor upon the efforts of a third person for profits. Id.
 
 
 4
 The district court was correct in finding that the "general partnership" interests sold by Bishop were securities. The third element of the Howey test was met due to the sole control of the promoters (of which Bishop was one) over investors' funds prior to the first partnership meeting.
 
 PERMANENT INJUNCTION
 
 5
 In an action brought by the SEC for injunctive relief, a court of appeals reviews the entry of a permanent injunction by the district court for an abuse of discretion. See SEC v. Manor Nursing Ctrs., Inc., 458 F.2d 1082, 1100 (2d Cir.1972). The relevant inquiry is whether there is a "reasonable likelihood" that the wrong will be repeated, i.e., that there is more than a "mere possibility" that the party will commit similar violations if not enjoined. United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953).
 
 
 6
 Where past violations have been shown, as in the instant case, the district court has broad discretion to enjoin possible future violations. Manor, 458 F.2d at 1100. The district court did not abuse its discretion in entering a permanent injunction. Bishop had past similar violations and continued to protest his innocence. There was neither acceptance of responsibility nor remorse.
 
 DISGORGEMENT
 
 7
 The power of the SEC to obtain injunctive relief includes "disgorgement of profits realized from violations of the securities laws." SEC v. Clark, 915 F.2d 439, 453 (9th Cir.1990). Upon a proper showing of a violation of securities laws, a district court may order a civil penalty in "the gross amount of pecuniary gain to such defendant as a result of the violation." 15 U.S.C. § 78u(d)(3)(B)(iii). Defendant admitted that he obtained $995,000 as a result of his illegal conduct, and the district court acted properly in ordering defendant to disgorge that amount.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3